******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

ROBINSON, C. J., dissenting. I respectfully disagree with the majority's conclusion that insufficient evidence existed to support the conviction of the defendant, Andre Dawson, for criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c (a). I believe that the majority's painstaking dissection of the jury verdict in this case is wholly inconsistent with the analysis in our very recent decision in *State* v. *Rhodes*, 335 Conn. 226, 249 A.3d 683 (2020), which emphasized in no uncertain terms that, in cases concerning constructive possession, this court does not sit as a "seventh juror"; (internal quotation marks omitted) id., 251; given our obligation to "construe the evidence in the light most favorable to sustaining the verdict and then determine whether, on the basis of those facts and the inferences reasonably drawn from them, the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [jury's] verdict of guilty." (Citation omitted; internal quotation marks omitted.) Id., 229. Because I would affirm the well reasoned opinion of the Appellate Court, which is consistent with these cardinal principles of appellate review; see *State* v. *Dawson*, 188 Conn. App. 532, 205 A.3d 662 (2019); I respectfully dissent.

The majority's opinion is wholly inconsistent with our recent emphasis in *Rhodes* of "the deference we must afford to the jury and the practical problems of proof in the nonexclusive possession context: [W]e would adhere to that concept in preference to artificial rules restricting evidence-sufficiency rules that would inevitably invade the traditional province of the jury . . . . The judge's task intensifies . . . when the accused's relationship to the premises is shared with others, and consequently the problems of knowledge and control intensify. . . . [I]n full recognition of the increased difficulties that the [g]overnment then faces, we reiterate that the sufficiency of the evidence for jury consideration depends [on] its capability plausibly to suggest the likelihood that in some discernible fashion the accused had a *substantial voice vis-à-vis* the [contraband]." (Emphasis in original; internal quotation marks omitted.) *State* v. *Rhodes*, supra, 335 Conn. 236–37, quoting *United States* v. *Staten*, 581 F.2d 878, 884 (D.C. Cir. 1978).

As we recognized in *Rhodes*, a "case for constructive possession of a firearm often is necessarily built on inferences, and a jury may draw whatever inferences

from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . A jury also may draw factual inferences on the basis of already inferred facts." (Citation omitted; internal quotation marks omitted.) *State* v. *Rhodes*, supra, 335 Conn. 237–38. As in *Rhodes*, my "review of the evidence finds several circumstances tending to buttress . . . an inference . . . that the defendant had the knowledge of and intent to control the firearm that our law requires for a finding of constructive possession, including facts and inferences that reasonably permitted the jury to conclude that, in all probability, [he] had the ability to go and get the gun." (Citation omitted; internal quotation marks omitted.) Id., 238–39. In my view, the touch DNA evidence found on the gun, coupled with the defendant's proximity to it and the testimony of a Norwalk police officer, Kyle Lipeika, that (1) it is a common practice for individuals to discard weapons when they believe that police officers are approaching, and (2) the gun appeared to have been freshly placed in the courtyard planter because it was clean, with a surface that lacked rust or dust, provided sufficient circumstantial evidence of constructive possession to support the defendant's conviction.

The majority, however, engages in a detailed analysis discounting this evidence and concluding that "there were simply too many unknowns for the jury to find beyond a reasonable doubt that the defendant had even touched the gun, much less that he was aware of its presence near where he was seated on the night in question and intended to exercise dominion or control over it." These aspects of the majority's opinion, which (1) discount the weight of the touch DNA evidence, (2) highlight the defendant's cooperation and lack of flight or incriminating statements, and (3) observe that the individuals who accompanied the defendant sat slightly closer to the planter, provide a well reasoned closing argument for the defense, but ultimately are inconsistent with our long settled approach to appellate review of sufficiency of the evidence issues.

Beyond these observations, "[o]rdinarily, I would write a comprehensive dissenting opinion with a thorough discussion of the applicable law and a detailed review of the record. The Appellate Court has, however, issued a comprehensive and well reasoned opinion, authored by Judge [Lavine], which provides a full explication of the . . . record and governing legal principles in this case. . . . In the interest of aiding in the discharge of this court's institutional obligation to provide timely decisions to litigants and the public, I adopt Judge [Lavine's] excellent opinion as a complete statement of my reasoning for respectfully dissenting from the judgment of this court." (Citation omitted.) *Dept. of Transportation* v. *White Oak Corp.*, 319 Conn. 582, 622, 125 A.3d 988 (2015) (*Robinson, J.*, dissenting); see, e.g., *Brenmor Properties, LLC* v. *Planning & Zoning*

*Commission*, 326 Conn. 55, 62, 161 A.3d 545 (2017).

Because I would affirm the judgment of the Appellate Court, I respectfully dissent.